Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO RECONSIDER**

Comes now Swain Landing LaPlata JC, LLC (the "Debtor"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60, and moves this Honorable Court to reconsider the Notice of Case Filing Deficiency (the "Notice," as found at DE #8) docketed on May 16, 2025, and in support thereof states as follows:

The Notice suggests the above-captioned case may be dismissed, "without further need for a hearing," if (i) a balance sheet; (ii) a statement of operations; (iii) a cash-flow statement; and (iv) a federal income tax return are not docketed on or before May 23, 2025. *See* Notice, DE #8, at p. 2.

Title 11 of the United States Code (the "Bankruptcy Code") does require such items to be filed—if extant—in a small business case. 11 U.S.C. §§ 1116(1), 1187. However, the Bankruptcy Code also provides, alternatively, that a debtor may file "a statement made under penalty of perjury

1

that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. . ." 11 U.S.C. § 1116(1)(B).

In this case, the Debtor has filed a sworn statement that the foregoing documents are not maintained and, more specifically, that a federal income tax return has never been filed. *See* Declaration of Michael Postal Pursuant to 11 U.S.C. §§ 1116(1), 1187, DE #4, *passim*. And that statement was docketed before the Notice was issued. *Compare id.* (timestamp) and Notice, DE #8 (timestamp).

Given the tight proximity of time (approximately two and a half hours) between the sworn statement being filed and the Notice being docketed, the Debtor believes the Notice to be a likely byproduct of clerical error. And where such an error results in entry of an order, the Federal Rules of Civil Procedure permit a court to correct such "on motion or on its own, without or without notice. . ." Fed. R. Civ. P. 60(a).

This motion is accordingly brought in an abundance of caution, so as to ensure this case not be dismissed on account of the Notice when the Debtor is, in fact, in compliance with the rigors of the Bankruptcy Code highlighted in the Notice.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) reconsider issuance of the Notice; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |  | Respectfully submitted, |
|---|---|---|---|

Dated: May 19, 2025      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19h day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig