Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Swain Landing LaPlata JC, LLC | ) | Adv. Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Catherine Swain and Percy Swain | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT TO AVOID RECISSION OF REAL ESTATE

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing," the "Debtor" or the "Plaintiff"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for the Debtor's complaint (the "Complaint") against Catherine Swain ("Ms. Swain") and Percy Swain ("Mr. Swain") (Ms. Swain and Mr. Swain being collectively known as the "Defendants" and each a "Defendant") states as follows:

1

## Introduction

1. On March 19, 2025—some 57 days before Swain Landing petitioned for bankruptcy relief—the Defendants obtained a judgment of recission, essentially voiding a real estate transaction through which they conveyed to the Debtor the real property commonly known as 10524 LaPlata Road, La Plata, Maryland 20646 (the "Real Estate").

2. While the Debtor is not presently certain of the basis for the recission, such appears to stem from the putative breach of a seller financing agreement, with the Defendants end-running the usual (and oft-cumbersome) foreclosure process in favor of a simple recission of the transaction.

3. Though there are myriad issues with electing the remedy of recission in lieu of foreclosure (not the least of which being that funds paid to the Defendants, at closing, were assuredly not returned), such is also immaterial: the recission is both an avoidable preference and a fraudulent conveyance.

4. As Swain Landing now works to reorganize, the Debtor accordingly brings this suit to reclaim the Real Estate, with transparent ambitions of using that parcel of land as the launching point for a successful plan of reorganization.

## Parties

5. Swain Landing is a Maryland limited liability company with its principal place of business in the District of Columbia; for purposes of jurisdictional analysis, Swain Landing is a citizen of the District of Columbia and, upon information and belief, also a citizen of the State of Tennessee.

6. Ms. Swain is a natural person who, upon information and belief, is a citizen of the State of Maryland by virtue of her ongoing domicile therein.

7. Mr. Swain is a natural person who, upon information and belief, is a citizen of the State of Maryland by virtue of his ongoing domicile therein.

## Jurisdiction and Venue

8. This Honorable Court enjoys jurisdiction over the instant proceeding pursuant to the allowances of Section 1334 of Title 28 of the United States Code, insofar as the causes of action set forth herein arise under Title 11 of the United States Code (the "Bankruptcy Code").

9. This Honorable Court further enjoys jurisdiction over the instant proceeding pursuant to the allowances of Section 1332 of Title 28 of the United States Code, insofar as this case is between citizens of different states and the value of the Real Estate exceeds Seventy Five Thousand Dollars and No Cents ($75,000.00).

10. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1409 of Title 28 of the United States Code insofar as the chapter 11 case of Swain Landing is pending in this Honorable Court.

11. To whatever extent this case may be brought in the United States District Court for the District of Columbia, on account of there existing diversity jurisdiction *sub judice*, this case is nonetheless properly referred to this Honorable Court pursuant to the allowances of DCt.LBR 5011-1(a).

## General Allegations

12. On or about January 7, 2022, the Defendants conveyed the Real Estate to the Debtor, in fee simple, pursuant to the provisions of a deed recorded amongst the land records of Charles County, Maryland, commencing at page 295 of book 12397.

13. At closing, the Debtor delivered cash in the amount of Three Hundred Fourteen Thousand Seven Hundred Eleven Dollars and Seventy Three Cents ($314,711.73), in addition to

a previously-tendered earnest money deposit of One Hundred Five Thousand Dollars and No Cents ($105,000.00), for a total cash contribution of Four Hundred Nineteen Thousand Seven Hundred Eleven Dollars and Seventy Three Cents ($419,711.73).

14.     A portion of the aforesaid monies were applied to closing fees and taxes, with the residue being paid over to the Defendants.

15.     The remainder of the purchase price was paid through a seller financing transaction, with Swain Landing executing a promissory note for One Million Two Hundred Thousand Dollars and No Cents ($1,200,000.00) (the "Promissory Note") and with the Defendants becoming the beneficiaries of a deed of trust on the Real Estate to secure the subject obligation.

16.     The deed of trust (the "Deed of Trust") was also executed on January 7, 2022, appointing Matthew S. Evans, III ("Mr. Evans") as trustee, with the Real Estate being therein conveyed to Mr. Evans in his capacity as trustee under the Deed of Trust.

17.     On or about August 31, 2024, the Defendants brought suit against Swain Landing, in the Circuit Court for Charles County, Maryland (the "State Court Lawsuit").

18.     The Debtor does not presently possess a copy of the complaint initiating the State Court Lawsuit but, based upon a review of cursory online records, believes the litigation to have been in the nature of a suit for breach of contract.

19.     The Trustee was not named as a defendant in the State Court Lawsuit, despite being the legal holder of the Real Estate pursuant to the Deed of Trust.

20.     The Debtor was defaulted in the State Court Lawsuit, with a final order being issued on March 19, 2025 (the "Final Order").

21.     Pursuant to the Final Order, the deed conveying the Real Estate from the Defendants to Swain Landing was stricken, the underlying purchase agreement was rescinded, the

Defendants were "reinstated as the owners of the" Real Estate, and the Real Estate was "deeded to Catherine L. Swain and Percy R. Swain, free and clear of any mortgage. . ."

22. The Final Order also awarded the Defendants attorneys' fees in the sum of Three Thousand Dollars and No Cents ($3,000.00), though it is not clear if that award has ever been reduced to a judgment.

23. The Final Order was thereafter recorded in the land records of Charles County, Maryland on or about April 8, 2025.

24. On May 15, 2025—some 57 days after the Final Order was entered and some 37 days after the Final Order was recorded in the land records—Swain Landing filed a petition for chapter 11 relief, pursuant to Section 301 of the Bankruptcy Code.

**Count I – Avoidable Preference (11 U.S.C. § 547)**

25. The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

26. At the time the Final Order was entered, the Defendants were creditors of Swain Landing.

27. At the time the Final Order was entered (and the time the State Court Lawsuit was filed), the debt owed by Swain Landing, to the Defendants, was antecedent in nature, with the Promissory Note having matured on October 31, 2023.

28. At the time the Final Order was entered, Swain Landing was insolvent, facing litigation from a third party for several hundred thousand dollars, being obligated to incur legal fees to defend the subject third party litigation, and being without monies to pay its debts as they came due.

5

29. The Final Order was entered within 90 days of the date on which Swain Landing petitioned for bankruptcy relief.

30. The Final Order permits the Defendants to obtain the whole of the Real Estate, which is valued well in excess of the sum due on the Promissory Note secured by the Deed of Trust, and thereby enables the Defendants to receive more than (i) they would take in a case under chapter 7 of the Bankruptcy Code; (ii) if the Final Order has not been entered; and (iii) if the Defendants received payment of the Promissory Note pursuant to the provisions of the Bankruptcy Code.

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) avoid the Final Order; (ii) award Swain Landing the costs of this litigation; and (iii) afford such other and further relief as may be just and proper.

## Count II – Fraudulent Conveyance (11 U.S.C. § 548)

31. The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

32. The Debtor was deprived of the Real Estate when the Final Order was entered.

33. The Final Order does not expressly cancel the Promissory Note, yet—even if the Final Order did—such would not constitute forgiveness of a debt of a value reasonably equivalent to that of the Real Estate.

34. The Debtor was rendered insolvent by virtue of the Final Order.

35. The Debtor was without an ability to pay its debts as they came due prior to entry of the Final Order.

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) avoid the Final Order; (ii) award Swain Landing the costs of this litigation; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 21, 2025        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*