Douglas F. Gansler (Bar ID: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington, D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
*Counsel for Erik D. Bolog*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-184-ELG |
| Swain Landing LaPlata JC, LLC | ) | United States Bankruptcy Court |
| | ) | for the District of Columbia |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Erik D. Bolog | ) | Adversary Proceeding |
| | ) | No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ADVERSARY PROCEEDING AGAINST SWAIN LANDING LAPLATA JC, LLC**

COMES NOW Plaintiff Erik D. Bolog ("Mr. Bolog") and brings this adversary proceeding

by and through its undersigned counsel pursuant to Rules 7001 and 7003 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Code") and Rule 3 of the Federal Rules of Civil Procedure

against Defendant Swain Landing LaPlata JC, LLC ("Swain Landing") and states as follows:

## NATURE OF THE ACTION

1. Through this adversary proceeding, Mr. Bolog seeks contribution and indemnification against Swain Landing for any potential liability, which Mr. Bolog expressly denies, in an ongoing matter in which both Mr. Bolog and Swain Landing are defendants.

2. On September 10, 2024, Claudia Engelhorn, Claudia Englehorn as trustee of the Whitewater Revocable Trust dated September 30, 2021, and White Pearl, LLC, brought, *inter alia*, certain claims against Mr. Bolog and Swain Landing in the Circuit Court for Baltimore City, Maryland (Case No. C-24-CV-24-002631), which matter has now been removed to the United States Bankruptcy Court for the District of Maryland (the "Engelhorn Litigation," Case No. 1:25-ap-00159).

3. The Engelhorn Litigation commenced prior to when Swain Landing voluntary petitioned this Court for reorganization under Chapter 11 of the Bankruptcy Code,

4. In the course of Swain Landing's reorganization before this Court, Mr. Bolog seeks to ensure that any claims for which he and Swain Landing may be held jointly and severally liable are considered as part of the reorganization process.

5. Mr. Erik D. Bolog does not consent to the entry of final orders or judgment of this Court.

## PARTIES

6. Plaintiff Erik D. Bolog is an individual whose principal place of business is Washington, DC.

7. Defendant Swain Landing LaPlata JC LLC is a Maryland limited liability company with its principal place of business in the District of Columbia.

2

**JURISDICTION AND VENUE**

8.    The Court has jurisdiction over the parties and subject matter of this adversary proceeding under 28 U.S.C. § 1334.

9.    The Court also has jurisdiction over the parties and subject matter of this adversary proceeding under 28 U.S.C. § 157.

10.   Venue is proper in this court under 28 U.S.C. § 1408.

11.   Venue is proper in this court under 28 U.S.C. § 1409.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

A.    **THE ENGELHORN LITIGATION**

1.    **Background**

12.   On September 10, 2024, Claudia Engelhorn as an individual ("Ms. Engelhorn"), Claudia Engelhorn as trustee of the Whitewater Revocable Trust dated September 30, 2021 (the "Whitewater Trust"), and White Pearl, LLC, (collectively, the "Engelhorn Parties") initiated the Engelhorn Litigation against, among others, Erik D. Bolog and Swain Landing LaPlata JC, LLC.

13.   While Mr. Bolog strongly disputes all of the allegations in the Second Amended Complaint (the "SAC") filed in the Engelhorn Litigation, they are presented here for the purposes of providing background and support for the contribution and indemnification claims brought by Mr. Bolog in this adversary proceeding. A copy of the Second Amended Complaint is attached hereto as **Exhibit A**.

14.   The Engelhorn Parties allege that Mr. Bolog has a long-standing business association with an individual named Michael Postal, who was the managing member and a member of Swain Landing. The SAC also alleges that Mr. Postal was once a client of Mr. Bolog.

15.   Mr. Postal introduced Ms. Engelhorn to Mr. Bolog.

3

16.     According to the SAC, on or around January 5, 2022, Ms. Engelhorn sold a home she owned in Tennessee for approximately $1.33 million in proceeds.  The proceeds from the sale were transferred to a bank account held by White Pearl, LLC, an entity owned by Ms. Engelhorn. Subsequently,  $585,000.00 of those proceeds were transferred to a bank account held by Swain Landing for the purposes of real estate investment (the "Swain Landing Investment").

17.     Mr. Bolog had no involvement with the Swain Landing Investment other than, at Ms. Engelhorn's directive, to communicate with the developer of the real estate to properly ascertain the investment amount and to coordinate a conversation between Ms. Engelhorn and Bank of America so that Ms. Engelhorn could direct Bank of America to fund the investment.

**2.      The Swain Landing Claims**

18.     In the Engelhorn Litigation, the Engelhorn Parties assert certain allegations and bring certain claims against Mr. Bolog and Swain Landing (the "Swain Landing Claims")

19.     The Engelhorn Parties allege that Mr. Bolog should have taken certain action(s) relating to the Swain Landing Investment.  As a result, White Pearl, LLC alleges it suffered at least $585,000.00 in damages, brings counts of fraud and breach of fiduciary duty against Mr. Bolog, and seeks to hold Mr. Bolog liable for compensatory damages in excess of $75,000 and punitive damages for $20,000,000.00. (**Exhibit A**, Claims V and VII.)

20.     White Pearl, LLC, also brings a claim against Swain Landing for constructive trust over the $585,000.00 amount transferred from its bank account to the bank account of Swain Landing. (**Exhibit A**, Claim XI.)

21.     The Whitewater Trust and White Pearl, LLC (the "Engelhorn Entities"), together, also bring claims against both Mr. Bolog and Swain Landing for statutory and common law equitable dissolution and liquidation of Swain Landing, as well as the appointment of a receiver over Swain Landing, and other equitable remedies. The Engelhorn Entities seek to hold

Swain Landing and Mr. Bolog jointly and severally liable for repayment of the $585,000.00 investment plus prejudgment interest and attorneys' and costs. (**Exhibit A**, Claims XIII and XIV.)

22.   Mr. Bolog has never had access to and/or control over the assets of Swain Landing and has never had any decision making authority relating to the Engelhorn Entities in relation to the Swain Landing Investment.

23.   Should the Engelhorn Parties somehow succeed in the Swain Landing Claims, any liability as to Mr. Bolog would be derivative of, or caused by, any purported actions and/or conduct of Swain Landing.

**B.   SWAIN LANDING BANKRUPTCY**

24.   On May 15, 2025, Swain Landing voluntary petitioned this Court for bankruptcy relief under chapter 11 of the Bankruptcy Code.

25.   On June 10, 2025, Swain Landing removed the Engelhorn Litigation to the United States Bankruptcy Court for the District of Maryland (Baltimore) (Adversary Proceeding No. 25-00159, the "Engelhorn Adversary Proceeding").

26.   Additionally, on June 10, 2025, Swain Landing filed a motion to transfer the Engelhorn Adversary Proceeding to this Court for the purposes of consolidation of all matters related to Swain Landing's reorganization before this Court.

**COUNT I**
**(CONTRIBUTION)**

27.   Mr. Bolog incorporates each of the allegations and preceding paragraphs as set forth above into this Count I.

28.   The Engelhorn Parties seek to hold Mr. Bolog and Swain Landing jointly and severally liable on the Swain Landing Claims.

29.   Mr. Bolog explicitly denies any liability on the Swain Landing Claims.

5

30.     Because the Swan Landing Claims are currently stayed as to Swain Landing by virtue of the automatic stay, should the Engelhorn Parties somehow succeed on the Swain Landing Claims, which Mr. Bolog explicitly denies any such liability, Mr. Bolog would be fully liable for any and all damages, which would result in Mr. Bolog being required to pay more than his proportionate share of the amount owed.

31.     Mr. Bolog is thus entitled to contribution from Swain Landing, which would have paid less than its proportionate share of the amount owed.

32.     Accordingly, Mr. Bolog seeks judgment against Swain Landing for contribution from Swain Landing for Swain Landing's proportionate share of any amount payable for which Mr. Bolog and Swain Landing are held jointly and severally liable to the Engelhorn Parties for the Swain Landing Claims.

## COUNT II
### (INDEMNIFICATION)

33.     Mr. Bolog incorporates each of the allegations and preceding paragraphs as set forth above into this Count II.

34.     Mr. Bolog has never had any control nor involvement in relation to the Swain Landing Investment, other than, at the direction of Ms. Engelhorn, to ascertain from Mr. Postal the precise amount required of the Engelhorn Parties in relation to the Swain Landing Investment and to coordinate a call between Bank of America and Ms. Engelhorn so that Ms. Engelhorn could direct Bank of America to fund the Swain Landing Investment.

35.     Any obligation imposed by a court as to the Swain Landing Claims to repay the Swain Landing Investment or to otherwise pay damages or any other amount related to the Swain Landing Investment, which Mr. Bolog had no involvement in and to which he expressly denies any such liability, is more properly paid by Swain Landing.

6

36.     Mr. Bolog explicitly denies any liability on the Swain Landing Claims.

37.     Accordingly, Mr. Bolog should be indemnified by Swain Landing for any

judgment related to the Swain Landing Investment and the Swain Landing Claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Bolog, prays this Court to enter judgment against Swain Landing as

follows:

a) That the Court enter judgment against Swain Landing in an amount to be determined at trial for any liability in contribution to Mr. Bolog resulting from the Swain Landing Claims;

b) That the Court enter judgement that Mr. Bolog is indemnified by Swain Landing for the costs and disbursements of defending the Swain Landing Claims;

c) That the Court enter judgment that Mr. Bolog is indemnified by Swain Landing for any monetary judgment against Mr. Bolog in connection with the Swain Landing Claims;

d) Grant Mr. Bolog any such other, further, and different relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Bolog demands a jury trial for all claims and issues in this adversary proceeding

that are triable before a jury.

Dated:      June 24, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Erik D. Bolog*