Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Erik D. Bolog*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Swain Landing LaPlata JC, LLC, | ) | Case No. 25-00184-ELG |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

## OPPOSITION OF ERIK D. BOLOG TO
## THE MOTION TO DISMISS THE BANKRUPTCY CASE

Erik D. Bolog ("Mr. Bolog") hereby submits this opposition to the Engelhorn Parties'[1]

*Motion to Dismiss the Bankruptcy Case* (ECF No. 25, the "Motion"). In support of his position,

Mr. Bolog respectfully states as follows:

1.    Mr. Bolog, by far the largest potential creditor of the Debtor, opposes the Engelhorn

Parties' Motion to Dismiss the Bankruptcy Case because dismissal would not maximize recovery

for creditors. In fact, it would virtually guaranty that they recover nothing.

2.    Mr. Bolog is a creditor of the Debtor as a result of an action brought by the Engelhorn

Parties against the Bolog Parties[2] alleging that Mr. Bolog has a long-standing business association

---

[1] "Engelhorn Parties" collectively refers to Claudia Engelhorn, Individually ("Ms. Engelhorn"), and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended ("Whitewater Trust"), and White Pearl, LLC ("White Pearl").

[2] "Bolog Parties" collectively refers to Mr. Bolog, Erik D. Bolog as Trustee of the JAREB Irrevocable

with an individual named Michael Postal, who was the managing member and a member of the Debtor, Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"). The Engelhorn Parties allege that Mr. Bolog should have taken certain action(s) relating to the Engelhorn Parties' investment in the Debtor. As a result, the Engelhorn Parties seek to hold Mr. Bolog liable for alleged compensatory damages and punitive damages in excess of $20 million.

3.      Faced with the Engelhorn Parties' outsized claims against him, Mr. Bolog has filed a proof of claim (*see* Claim No. 1-1) and initiated an adversary proceeding against the Debtor for contribution and indemnification (*see* Adv. Proc. No. 25-10019). As alleged therein, should the Engelhorn Parties somehow succeed on their claims against Mr. Bolog with respect to the Swain Landing investment, any liability he may face would be derivative of, or caused by, any purported actions and/or conduct of Swain Landing. Given the Engelhorn Parties' demand for more than $20 million in damages, Mr. Bolog's indemnification and contribution claim against the Debtor is correspondingly large.

4.      As the Debtor's largest creditor, Mr. Bolog has a vested interest in the Debtor enhancing its estate for the benefit of all creditors, ensuring maximum distributions in accordance with the Bankruptcy Code. Dismissing the bankruptcy case prematurely would undermine that goal and the Bankruptcy Code's estate maximization purpose. *See, e.g.*, *In re Massenburg*, 554 B.R. 769, 776 (D. Md. 2016) (a debtor-in-possession's "fiduciary obligation consists of" among other things, a duty "to maximize the value of the estate").

5.      As the Debtor showed in its *Opposition to Motion to Dismiss the Bankruptcy Case* (ECF No. 31, the "Debtor's Opposition"), the Engelhorn Parties have failed to satisfy their burden that the Debtor's bankruptcy proceeding should be dismissed. Mr. Bolog joins in and refers the

---

Trust, dated October 11, 2021, Science Park Associates, LLC ("Science Park"), and Darnestown Road, Inc. ("Darnestown Road").

Court to the arguments put forward by the Debtor in the Debtor's Opposition.

6.     As shown in the Debtor's Opposition, the Engelhorn Parties have failed to meet their burden to demonstrate that the Debtor's bankruptcy case warrants dismissal for lack of good faith. And any doubt regarding the Debtor's lack of good faith was dispelled by the clear evidence in the Debtor's Opposition, which properly showed that the Debtor initiated this bankruptcy proceeding to file an avoidance action and recover real estate

7.     Bankruptcy courts in the District of Columbia employ one of two standards when evaluating "bad faith" on a motion to dismiss: (1) whether reorganization is "objectively futile" or (2) whether there is "subjective bad faith on the part of the debtor in petitioning." *In re Rudd*, 1995 WL 314493, at *5 (D.D.C. Apr. 12, 1995); *see also In re Belair 301–50 S.W. Quadrant Commercial Props., Inc.*, 1992 WL 200849, *3 (4th Cir. 1992) ("Objective futility requires that no realistic possibility of an effective reorganization exists. Subjective bad faith means an intent by the debtor to abuse the protections of Chapter 11 and to cause hardship or delay to creditors, without any real ability to reorganize. The two-pronged test is to be applied stringently.") .

8.     Here, the Engelhorn Parties fail to satisfy the standard for dismissal on bad faith grounds.  The Debtor states that its bankruptcy case was "filed to avoid a loss of the Debtor's real estate asset, using the allowances of Section 547 of the Bankruptcy Code." (Debtor's Opposition at 1).  The Engelhorn Parties have offered no evidence of a different purpose.  And utilizing Bankruptcy Code tools, such as statutory avoidance action powers to recover preferential transfers made within 90 days of the petition date, is not bad faith—it is precisely what Congress intended for debtors in reorganization.  *See e.g.*, *In re James Wilson Associates*, 965 F.2d 160, 170 (7th Cir. 1992) ("It is not bad faith to seek to gain an advantage from declaring bankruptcy—why else would one declare it?"); *In re PPI Enters. (U.S.), Inc.*, 324 F.3d 197, 211 (3d Cir. 2003) (bankruptcy case

-3-

Case 25-00184-ELG    Doc 40    Filed 07/30/25    Entered 07/30/25 20:49:54    Desc Main
Document        Page 4 of 6

that was filed primarily to cap lease rejection damages under the Bankruptcy Code was filed in good faith). According to the Debtor, absent relief under the Bankruptcy Code allowing it to recover its sole real estate, there will be no assets to distribute to creditors at all. *See* Debtor's Opposition at 8 ("Swain Landing lost its sole asset to a recission action. Bankruptcy is, almost assuredly, the sole mechanism for that asset to be regained, courtesy of the provisions of Section 547 of the Bankruptcy Code.").

9.     Given the recency of the Debtor's bankruptcy filing and the absence of evidence showing objective futility or subjective bad faith on the part of the Debtor, the Court should deny the Motion. Alternatively, the Court should reserve any findings on good faith for the Debtor's confirmation hearing—where the plan's feasibility can be assessed on a more developed record.[3]

## CONCLUSION

WHEREFORE, Erik D. Bolog requests that the Court deny the Motion or, at minimum, defer determination of the Motion until confirmation proceedings, and grant such other and further relief as the Court may deem just and proper.

*[Signature Page Immediately Follows]*

---

[3] Mr. Bolog reserves all rights with respect to allegations asserted by the Engelhorn Parties in the Motion. Mr. Bolog further reserves all rights with respect to the Debtor's eligibility to proceed as a subchapter V debtor and Mr. Bolog's claims against the Debtor.

-4-

Dated:    July 30, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Erik D. Bolog*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2025, a copy of the foregoing was served electronically upon filing via CM/ECF, with copies being sent to all parties receiving electronic notice herein.

Respectfully,

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Erik D. Bolog*