Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**SUPPLEMENT TO OPPOSITION TO MOTION TO DISMISS
THE BANKRUPTCY CASE AND UPDATE ON LITIGATION POSTURE**

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 9013-1, and in supplementation of the Debtor's previously-filed opposition (the "Opposition," as found at DE #31) to the Motion to Dismiss Bankruptcy Case (the "Motion," as found at DE #25) filed by Claudia Engelhorn ("Ms. Engelhorn") and White Pearl, LLC ("White Pearl") states as follows:

**I.      Introduction**

Through an unusual set of circumstances, White Pearl and Ms. Engelhorn have now created a prism whereby they cannot any longer argue that the Debtor lacked requisite authority to seek bankruptcy protection. The two putative creditors have also now taken the highly unorthodox route of, within a roughly 19-hour time span, appending their operative pleading to proofs of claim and then dismissing Swain Landing from the very litigation in which that operative pleading is docketed. Each of these are noteworthy developments and, in advance of the forthcoming hearings

1

on August 13, 2025, the Debtor would be remiss to not seasonably apprise this Honorable Court of both and discuss, briefly, the implications flowing therefrom.

Following the docketing of the Opposition, White Pearl and a trust controlled by Ms. Engelhorn both filed proofs of claim in this case, *see* Claims Register #3; Claims Register #4, while Ms. Engelhorn also personally filed two proofs of claim, *see* Claims Register #2; Claims Register #5. Each of these proofs of claim are signed by Ms. Engelhorn, under the pains and penalties of perjury, and each of these proofs of claim attach a copy of the plaintiffs' latest pleading in a lawsuit originally filed in the Circuit Court for Baltimore City, Maryland and since removed to the United States Bankruptcy Court for the District of Maryland (the "Civil Suit").

Insofar as these claims each recite that White Pearl did not "obtain[] anything of value. . . such as stock. . ." in the Debtor, Claims Register #4 at p. 26, ¶ 74, this creates a paradigm whereby White Pearl cannot proceed to argue it is an equity holder of the Debtor. And, as such, White Pearl also cannot argue the Debtor's equity holders did not unanimously consent to the filing of this bankruptcy case even if (inaccurately) Swain Landing's operating agreement had not already delegated authority to do so to the entity's manager.

To be clear, the Debtor does *not* believe the proofs of claim are accurate and, in due course, will assess whether or not to object to them (with this brief assuredly not being a formal objection under Federal Rule of Bankruptcy Procedure 3007). To the contrary, Swain Landing believes Ms. Engelhorn—in furtherance of various litigious and vexatious ends—has sworn to the veracity of at least one demonstrably counterfactual assertion. And, at an appropriate juncture, the Debtor will seek to address such through one or more appropriate mechanisms.

However, unless and until objections to the claims are both filed and sustained, all four instruments are to be accorded treatment as "prima facie evidence of the claim's validity and

amount," Fed. R. Bankr. P. 3001(f), and each claim "supersedes any scheduling of the claim or interest under §521(a)(1)," Fed. R. Bankr. P. 3003(c)(5). So while Swain Landing very much believes the claims to be manifestly errant, and while Swain Landing is assuredly *not* urging the claims are truthful or accurate in nature, Swain Landing recognizes that—by operation of governing law—those claims control the status quo posture of the case.

II. **Supplemental Argument: The Present Posture of this Case—Though Demonstrably Counterfactual—is that White Pearl is not a Member of the Debtor**

Part (albeit not all) of the Motion is premised upon an argument that (i) Maryland law requires unanimity of member consent for a limited liability company to seek bankruptcy protection, unless an operating agreement provides otherwise;[1] (ii) Swain Landing either (a) does not have an operating agreement, (b) has an operating agreement to which White Pearl is somehow not bound, or (c) has an operating agreement that insufficiently vests decision-making authority in the entity's manager; (iii) Swain Landing thusly needed all members' consent to seek bankruptcy protection; and (iv) the lack of consent of White Pearl militates in favor of the dismissal of this case. Motion, DE #25, at pp. 7-11. As the Debtor has previously observed, there are myriad factual and legal issues with these contentions, *see* Opposition, DE #31, at § II(a), and Swain Landing certainly stands by its prior topical briefing.

However, Ms. Engelhorn and White Pearl have now created a procedural posture whereby they cannot pursue this argument in any event. This is for two reasons: (i) the burden is on Ms. Engelhorn and White Pearl to prove this case was improperly filed; and (ii) the proofs of claim—despite being objectively errant—are presumptively valid until challenged, and usurp the Debtor's schedules until such a time as objections thereto are lodged and sustained.

---

[1] The Motion actually neglects to mention the part of the statutory scheme allowing for an operating agreement to control, but such has since been acknowledged in a reply brief. *See* Reply, DE #41, at pp. 8-9.

3

The burden of proof matters a great deal because, as expressed *passim*, the Debtor is assuredly not going to argue that White Peal lacked membership in Swain Landing on the petition date. But the burden of proof lies with White Pearl and Ms. Engelhorn, not the Debtor, and the movants thusly must be the ones to make a case for dismissal on the factually askew record they themselves have created. *See, e.g., Polish-American Citizen's Club Inc. of Willimansett v. Dowd*, 2023 Bankr. LEXIS 1660, at *25 (B.A.P. 1st Cir. June 27, 2023) ("The burden of demonstrating cause for dismissal for lack of authority to file is on the movant.") (quoting *In re Curare Lab. LLC*, 642 B.R. 787, 802 (Bankr. W.D. Ky. 2022); citing *In re Quad-C Funding LLC*, 496 B.R. 135, 142 (Bankr. S.D.N.Y. 2013)); *In re ComScape Telecomms., Inc*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010) ("Because the Court does not take the issue of dismissal lightly, the Court will place the burden of proof entirely on the Movants to demonstrate by a preponderance of the evidence that the Debtors' bankruptcy cases were unauthorized."). *But see In re Real Homes, LLC*, 352 B.R. 221, 227-28 (Bankr. D. Idaho 2005) ("Once Baird's exhibits and her affidavit testimony were admitted, all without objection, a prima facie case was made. Debtor thereafter bore the burden of proving the filing was authorized and proper.").

Here, Ms. Engelhorn and White Pearl cannot meet their burden of proof. Plainly, they cannot argue White Pearl was a member of the Debtor on the petition date. Each proof of claim is entitled to prima facie validity, Fed. R. Bankr. P. 3001(f), and each proof of claim supersedes the treatment afforded on the Debtor's schedules and statement of financial affairs, Fed. R. Bankr. P. 3003(c)(5). Since all four proofs of claim announce that White Pearl did not receive "*anything* of value . . . such as stock. . ." in exchange for the monies tendered to the Debtor, all four proofs of claim establish that White Pearl is *not* an equity holder of the Debtor (even though Swain Landing vehemently disputes such). *See* Claims Register #4 at p. 26, ¶ 74 (emphasis added).

Critically, while the complaint of White Pearl and Ms. Engelhorn was previously simply an unsworn pleading docketed in another court, the document became part of a series of sworn declarations—and subject to the doctrine of judicial admission—once appended to the proofs of claim in this bankruptcy proceeding. *See Jenkins v. Tomlinson (In re Basin Res. Corp.)*, 182 B.R. 489, 493 (Bankr. N.D. Tex. 1995) ("By attaching the District Court Complaint to his proof of claim, Sneed has judicially admitted that his claim is one 'arising from rescission of a purchase or sale of a security … [or] for damages arising from the purchase or sale of such a security.'") (quoting 11 U.S.C. § 510(b)) (ellipsis in original); *In re Perry*, 394 B.R. 852, 857 (Bankr. S.D. Tex. 2008) (applying the doctrine of judicial admission to a proof of claim); *Jordan v. Greentree Consumer Disc. Co. (In re Jordan)*, 403 B.R. 339, 351-52 (Bankr. W.D. Pa. 2009) ("The Court concludes that the 'statement' by Greentree in the Proofs of Claim regarding the nature of the collateral is a judicial admission, not simply an evidentiary admission.").

To be sure, this is all somewhat strange: Swain Landing truly believes White Pearl is a member of the Debtor and cannot, in good faith (let alone under the pains and penalties of perjury), sign amended schedules indicating otherwise. Swain Landing also firmly believes that both iterations of the at-issue operating agreement fully vest authority to file for bankruptcy relief in the hands of Michael Postal, the entity's manager. And Swain Landing is skeptical that Ms. Engelhorn is actually going to appear in court and testify she never saw either operating agreement (likely knowing that if she does, rebuttal and/or impeachment evidence will shortly thereafter appear on the court's monitors). But, given the increasingly incredible actions of Ms. Engelhorn and White Pearl, these realities suddenly matter less since she cannot actually assert White Pearl is a member of Swain Landing.

It is unfortunate Ms. Engelhorn and White Pearl have elected to propagate a counterfactual construct, just as it is unfortunate they elected to bring suit against Swain Landing without any good faith basis to do so. Alas, however, such is the posture of this case. And the Debtor would be remiss to not observe as much in advance of the hearing on the Motion.

### III.    Update on Suit Against Swain Landing

Finally, adhering to the theme of Ms. Engelhorn and Swain Landing's odd actions and the bizarre ramifications thereof, it bears reporting that less than 18 hours after docketing the proofs of claim in this case, and appending thereto the amended complaint against Swain Landing and others, Ms. Engelhorn and White Pearl dismissed Swain Landing from the Civil Suit. *See* Notice of Dismissal, attached hereto as Exhibit A. This was done with roughly 98 minutes remaining in the last business day before a hearing on the Debtor's motion to transfer venue is scheduled in the United States Bankruptcy Court for the District of Maryland.

Notwithstanding this dismissal, the issues in the Civil Suit remain core to this bankruptcy insofar as (i) all four claims append the plaintiffs' most recent pleading; and (ii) a (now-former) co-defendant is suing Swain Landing for indemnity in this Honorable Court, *see Bolog v. Swain Landing*, Case No. 25-10019 (Bankr. D.D.C. 2025). So while Swain Landing is assuredly glad to no longer be a defendant in litigation, Swain Landing is also openly attempting to make sense of what advantage Ms. Engelhorn and White Pearl have sought to gain through this procedural gimmickry. Swain Landing is also sincerely uncertain whether Ms. Engelhorn and White Pearl are really prepared to seriously suggest that judicial efficiency favors the simultaneous adjudication of identical factual and legal issues in different courts.

To be sure, it appears the Civil Suit is still properly subject to transfer to this Honorable Court, for precisely these reasons and many more. It also appears, unfortunately, that Ms.

Engelhorn and White Pearl are trying to use gamesmanship to block a transfer. What it is that so concerns Ms. Engelhorn and White Pearl about this court is at-best unclear. But that such a concern exists speaks—seemingly directly—to the fidelity, *vel non*, of their various claims against the Debtor.

### IV.  Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 10, 2025      By:      /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7