**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br><br>Chapter 11<br><br>Related to Docket Nos. 25, 31, 41 and 43<br><br>Requested Hearing Date: August 13, 2025<br>Requested Hearing Time: 10:00 a.m. |

**EXPEDITED MOTION TO (I) SHORTEN RESPONSE PERIOD FOR DISCOVERY RELATED TO THE MOTION TO DISMISS AND (II) RESCHEDULE HEARING ON MOTION TO DISMISS**

Claudia Engelhorn ("Ms. Engelhorn"), individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, ("Whitewater Trust") and White Pearl, LLC ("White Pearl") and, collectively, "Movants") by and through counsel, respectfully requests this Court (i) shorten the response period for Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor") and any other party who receives discovery related to the pending *Motion to Dismiss the Bankruptcy Case* [Docket No. 25] (the "Motion to Dismiss") and (ii) reschedule the August 13, 2025, hearing date on the Motion to Dismiss to date in late August or early September 2025. Movants request that, due to the narrow relief being requested, this Motion may be taken up on August 13, 2025, in lieu of the Motion to Dismiss. In further support, Movants state as follows:

1. On July 10, 2025, Movants filed the *Motion to Dismiss the Bankruptcy Case* [Docket No. 25] (the "Motion to Dismiss") seeking dismissal of this bankruptcy case for numerous reasons including, *inter alia*, that the bankruptcy filing was not authorized under Maryland law because there is no valid operating agreement in place for the Debtor and Maryland law requires unanimous consent from all members to file a bankruptcy petition. Motion to Dismiss at ¶¶ 19-28.

2.  On July 14, 2025, the Debtor filed its *Opposition to Motion to Dismiss the Bankruptcy Case* [Docket No. 31] (the "Opposition"). The Opposition claimed, *inter alia*, that there was a previous "original" operating agreement in place, prior to the Movants' involvement in the Debtor, and that, upon becoming a member in the Debtor, the Movants were bound by this alleged "original" operating agreement (the "Original" Operating Agreement." Opposition at 2-8.

3.  The Movants filed their *Reply in Support of the Motion to Dismiss the Bankruptcy Case* [Docket No. 41] (the "Reply") on July 30, 2025. The Movants argued in the Reply that they had no knowledge of the "Original" Operating Agreement and thus it is invalid for a lack of meeting of the minds, among other reasons. Reply at I.A.

4.  A hearing is currently set on the Motion to Dismiss and related pleadings on August 13, 2025 (the "Hearing") [Docket No. 43].

5.  On August 10, 2025, the Debtor filed its *Supplement to Opposition to Motion to Dismiss the Bankruptcy Case and Update on Litigation Posture* [Docket No. 48] (the "Opposition Supplement").

6.  On August 7, 2025, the Movants served the Debtor with discovery (the "Requests") of a limited scope, comprising of requests for production and interrogatories related to its assertions in the Opposition, including specifically, assertions related to the "Original" Operating Agreement. A copy of the Requests is attached hereto as **Exhibit 1**. Other discovery requests may be propounded on other persons or entities who may have potentially discoverable information.

7.  In order to have time to review the responses prior to the Hearing, and due to the narrow scope of the discovery, the Requests contain a return date of August 11, 2023, 4:00 pm. The Debtor has informed Movant it is not amenable to answering the Requests by August 11, 2025, or prior to the standard response period, unless that time is shorted by this Court.

2

8. Further, the Debtor's recent filing of the Opposition Supplement requires additional consideration and possibly response from the Movants.

9. Accordingly, based on the facts and needs of the case, Movants request that the Court consider this Motion on August 13, 2025 and, at that hearing 1) shorten a) the response period for the Requests (which if 30 days, falls on September 6, 2025) and b) the response deadline for any additional discovery issued in relation to the Motion to Dismiss to 10 days, unless otherwise agreed by the issuer of the discovery and the recipient, or as ordered by Court; and 2) reschedule the hearing on the Motion to Dismiss to date after production of such discovery, which ideally would be during either the last week of August or first week of September, or such other date as the Court's calendar may permit.

10. The time to respond to written discovery is governed by Rules 33 and 34 of the Federal Rules of Civil Procedure (the "Rules"), as made applicable here by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11. Rules 33 and 34 provide a response deadline of thirty (30) days which may be shortened by order of the court. Fed. R. Civ. P. 33 ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be … ordered by the court."); *see also* Fed. R. Civ. P. 34 (same).

12. Courts in this district use a reasonableness test when determining whether to expedite discovery. *New Mexico v. Musk*, 770 F.Supp.3d 192, 198 (D.D.C. 2025) ("In this district, courts favor the reasonableness test because it better reflects their broad discretion over discovery matters."); *see also Guttenberg v. Emery*, 26 F.Supp.3d 88, 97 (D.D.C. 2014).

13. Under the reasonableness approach, courts consider:

> [T]he reasonableness of the request in light of all the surrounding circumstances, which include: (1) whether a preliminary injunction

>is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance the of the typical discovery process the request was made.

*American Federation of Labor and Congress of Industrial Organizations v. Dept. of Labor*, 349 F.R.D. 243, 248 (D.D.C. 2025) (internal quotations omitted).

14. Here, although there is no preliminary injunction pending, all other factors weigh in favor of shortening the Debtor's time to respond to the Requests.

15. The breadth of the discovery to the Debtor is extremely limited, with only eight (8) requests for production and seven (7) interrogatories, all of which are directly relevant to the issues in the Motion to Dismiss and the majority focused on the operating agreements. Any additional discovery will be similarly limited in volume and scope.

16. The purpose for requesting a shortened time is to ensure that this case and the Motion to Dismiss can move along in an efficient and fair manner. Accordingly, the sooner the Movants can receive discovery responses, the sooner this Court can appropriately hear the Motion to Dismiss.

17. The burden on the Debtor (or any other discovery recipient) to produce responses to the pending or additional discovery is extremely low, given the narrow, limited scope of the requests and the factual issues in dispute in the Motion to Dismiss. For example, the Debtor has already proffered the "Original" Operating Agreement; therefore, it should be a small burden to produce additional documentation related to the "Original" Operating Agreement.

18. Finally, the Movants are simply requesting a slightly shortened timeline for the Debtor to respond to the Requests. A response deadline of August 22, 2025 would give the Debtor fifteen (15) days to gather its responses to the limited discovery sought. Going forward, a 10-day

4

response deadline for any additional discovery is appropriate because requests should be even more targeted and the deadline may be extended by agreement or Court order.

19.    Accordingly, in light of the circumstances of this case, it is reasonable to shorten the time for discovery responses.

WHEREFORE, for the reasons set forth herein, Movants request that this Court (i) shorten the time for Debtor to respond to the Requests; (ii) set a new hearing date on the Motion to Dismiss to occur in late August or early September; and (iii) for all other relief as warranted by law and equity.

Dated: August 11, 2025

/s/ *Sam J. Alberts*
Sam J. Alberts (DC Bar # 443260)
**DENTONS US LLP**
1900 K St. NW
Washington, DC 20006
202-496-7500
sam.alberts@dentons.com

-and-

Wes P. Henderson
Patrick D. Gardiner
**HENDERSON LAW, LLC**
2127 Espey Court, Suite 204
Crofton, Maryland 21114
410-721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August 2025 a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

*/s/ Sam J. Alberts*
Sam J. Alberts

# EXHIBIT 1

## Requests

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br><br>Chapter 11 |

**CLAUDIA ENGELHORN'S, INDIVIDUALLY AND AS TRUSTEE OF THE
WHITEWATER REVOCABLE TRUST'S, AND WHITE PEARL, LLC'S
REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Claudia Engelhorn ("Ms. Engelhorn"), individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, ("Whitewater Trust") and White Pearl, LLC ("White Pearl") and, collectively, "Plaintiffs") by and through counsel and pursuant to Federal Rule of Civil Procedure 34, as made applicable by Federal Rule of Bankruptcy Procedure 7034, hereby propound upon Swain Landing LaPlata JC, LLC (the "Debtor") the following requests for production and interrogatories:

**DEFINITIONS**

"Bankruptcy Case" means the case filed with the Court under chapter 11 of the United States Bankruptcy Code by the Debtor styled as *In re Swain Landing LaPlata JC LLC*, Case No. 25-00184.

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

"Debtor" or "Swain Landing" means Swain Landing LaPlata JC LLC and its employees, and/or agents, either individually or as a representative of any corporation, association, or partnership, as the case may be, as well as any testifying expert witnesses retained by Debtor or retained on Debtor's behalf, and any consulting experts whose work product has been reviewed

by, relates to, or forms the basis, either in whole or in part, of the mental impressions and opinions of any testifying experts.

"Document," or "Documents" includes, but is not limited to, each tangible thing, recording, or reproduction of any visual or auditory information, including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations, however made, whether handwritten, typewritten, or printed material, drafts, duplicates, carbon copies, photocopies, e-mail, scanned documents, digital documents, and all other copies. "Document" is synonymous - and equal in scope to the use of this term in FRCP 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

"Ms. Engelhorn" mean Claudia Engelhorn, individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, including her counsel, agents, and assigns.

"Identify" when referring to a person, means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this provision, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

"Identify" when referring to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

"Mr. Jones" means Anjon Jones, individually.

"Original" Operating Agreement" means the operating agreement allegedly executed by Mr. Postal and Mr. Jones on January 4, 2022.

2

"Plaintiffs" means Ms. Engelhorn, the Trust, and White Pearl collectively.

"Plaintiff" means any of the Plaintiffs.

"Petition Date" means the date this Bankruptcy Case was filed, May 15, 2025.

"Possession, Custody, or Control" of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to that of the person who has physical possession of the item, including but not limited to as a member, equity owner, officer or director of an entity.

"Mr. Postal" means Michael Postal, individually and in his capacity as manager of the Debtor.

"Relates To" means in whole or in part constitutes, contains, concerns, embodies, relates, analyzes, identifies, states, refers to, deals with, or in any way pertains to.

"Request" means the Request for Production set forth below.

"Trust" means the Whitewater Revocable Trust dated September 30, 2021, as amended.

"Unsigned Operating Agreement" means the operating agreement for Swain Landing which included the Trust and/or White Pearl as 50% member of Swain Landing.

"White Pearl" means White Pearl, LLC.

"You" and "Your" means Swain Landing, its agents, accountants, financial advisors, attorneys, employees, officers, directors, direct or indirect shareholders, members, representatives, affiliates, predecessors, and/or successors.

**Instructions**

All information responsive to this request that is not privileged and that is in your possession, custody, or control is to be produced. If any of this information is electronic or magnetic form, please produce this information by delivering the native format of the documents. Responses are to be produced no later than **August 11, 2025 at 4:00 p.m. ET**.

## Requests for Production of Documents

**RFP No. 1.** Any and all drafts of operating agreements for Swain Landing.

**RFP No. 2.** Any and all final operating agreements for Swain Landing.

**RFP No. 3.** Any and all communications between Swain Landing and any Plaintiff related to the "Original" Operating Agreement.

**RFP No. 4.** Any and all communications between Swain Landing and any Plaintiff related to the Unsigned Operating Agreement.

**RFP No. 5.** Provide any and all documents that support any assertion that any Plaintiff received a copy of the "Original" Operating Agreement.

**RFP No. 6.** Any and all communications between the Debtor and its members regarding the filing of the Bankruptcy Case.

**RFP No. 7.** Any and all communications and agreements related to the financing of the Bankruptcy Case or any related litigation.

**RFP No. 8.** Any and all documents related to the Debtor's incorporation, licensing, or registration in Washington, D.C.

## Interrogatories

**Rog 1.** Explain your communications with Plaintiffs in response to RFP Nos. 3 and 4.

**Rog 2.** Provide all facts that support any contention that any Plaintiff received a copy of the "Original" Operating Agreement, including the date and time when it was delivered to the Plaintiff, the method and manner it was delivered, and who delivered it.

**Rog 3.** If you assert that the "Original" Operating Agreement was discussed with any Plaintiff, state the date and time of all such discussions, the method of such discussions, and the names and addresses of all persons who participated in any way in such discussion(s).

**Rog 4.** Identify all members of the Debtor as of the Petition Date and provide documentation of their consent to the filing of this Bankruptcy Case.

**Rog 5.** Describe the Debtor's business operations during the 12 months preceding the Petition Date.

**Rog 6.**  Describe all communications between the Debtor and any other party regarding the financing of the Bankruptcy Case.

**Rog 7.**  Describe all communications between the Debtor (or its counsel) and Erik Bolog and/or any representative of Erik Bolog within the preceding 12 months relating to the Bankruptcy Case and any related adversary proceeding.

/s/ *Sam J. Alberts*
Sam J. Alberts
**DENTONS US LLP**
1900 K St. NW
Washington, DC 20006
202-496-7500
sam.alberts@dentons.com

-and-

Wes P. Henderson
Patrick D. Gardiner
**HENDERSON LAW, LLC**
2127 Espey Court, Suite 204
Crofton, Maryland 21114
410-721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

5

# **EXHIBIT 2**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br><br>Chapter 11 |

**ORDER (I) SHORTENING TIME TO RESPOND TO DISCOVERY AND
(II) RESCHEDULING HEARING ON MOTION TO DISMISS**

THIS MATTER came before the Court upon the motion (the "Motion")[1] by Claudia Engelhorn ("Ms. Engelhorn"), individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, ("Whitewater Trust") and White Pearl, LLC ("White Pearl") and, collectively, "Movants") seeking to shorten the response period for Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor") to respond to limited discovery requests served by Movants on August 7, 2025 (the "Requests") and the response period for any other discovery related to the *Motion to Dismiss the Bankruptcy Case* [Docket No. 25] (the "Motion to Dismiss") and to reschedule the hearing on the Movants' Motion to Dismiss. The Court has

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

reviewed the Motion and other pertinent pleadings. Based upon the Motion, and the record in this case, the Court finds cause to enter this Order.

    NOW, THEREFORE, IT IS HEREBY ORDERED

    1.    The deadline for the Debtor to respond to the Requests is _____.

    2.    The response deadline for any additional discovery issued in relation to the Motion to Dismiss is 10 days, unless otherwise agreed by the issuer of the discovery and the recipient, or as ordered by Court.

    3.    The hearing on the Motion to Dismiss is rescheduled to _____, 2025 at \_\_:\_\_ \_.m. ET.

    4.    Nothing contained herein prohibits the Movants from seeking additional discovery from the Debtor or any other persons or entity.