## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | * | |
| **SWAIN LANDING LA PLATA JC, LLC,** | * | **Case No. 25-184 ELG** |
| | | **Chapter 11, Subchapter V** |
| **Debtor.** | * | |

\* \* \* \* \* \* \* \* \*

### OBJECTION TO CONFIRMATION OF
### DEBTOR SWAIN LANDING LA PLATA JC, LLC' S
### <u>SUBCHAPTER V PLAN OF REORGANIZATION</u>

COMES NOW, Catherine Swain and Percy Swain (the "Swains"), Defendants in an Adversary Proceeding styled as *Swain Landing LaPlata JC, LLC v. Catherine Swain and Percy Swain*, Adversary Proceeding No. 25-10013 ELG (the "Adversary Proceeding"), by and through counsel, Craig M. Palik and McNamee Hosea, P.A., and pursuant to 11 U.S.C. §§ 1128(b), respectfully submit the Swains' Objection to the Subchapter V Plan of Reorganization (the "Plan"), propounded by the Debtor in Possession, as follows:

### BACKGROUND

1. Swain Landing LaPlata JC, LLC ("Debtor") commenced this case on May 15, 2025 ("Petition Date"), by filing a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code.

2. The Debtor is the former owner of a real property located at 10524 LaPlata Road, LaPlata Road, La Plata, Maryland 20646 ("Property").

3. On or about January 7, 2022, the Swains conveyed the Property to the Debtor pursuant to an Agreement of Sale for the sum of $1,500,000.

1

4. The purchase was financed with the Debtor signing a promissory note (the "Promissory Note") in the amount of $1,200,000 in favor of the Swains, and the balance being paid in cash.

5. As security for Promissory Note, the Debtor executed a Purchase Money Deed of Trust (the "Deed of Trust") in favor of Swains. The Deed of Trust was recorded among the land records of Charles County Maryland on February 16, 2022, at Book No. 12387, Page 303-325. Upon information and belief, the Deed of Trust created a first priority lien against the Property.

6. On or about August 31, 2024, the Swains commenced litigation by filing a Complaint (the "Complaint") against the Debtor in the Circuit Court for Charles County Maryland, Case No. C-08-CV-24-000655 (the Charles County Litigation") .

7. The Debtor was served with the Complaint and failed to timely respond.

8. On March 19, 2025, Default Judgment (the "Default Judgment") was entered against the Debtor. The Default Judgment in pertinent part rescinded the Agreement of Sale and revested title to the Property in the Swains.

9. On April 8, 2025, the Default Judgment was recorded among the land records of Charles County Maryland at Book No. 13520, Page 26-28.

10. On May 21, 2025, the Debtor commenced the Adversary Proceeding against the Swains seeking to avoid the rescission of the Agreement of Sale as either a preference or a fraudulent conveyance.

11. On August 5, 2025, the Swains filed a Motion to Dismiss the Adversary Proceeding (the "Motion to Dismiss").

12. On August 13, 2025, a hearing was held on the Motion to Dismiss, which Motion to Dismiss was denied after oral argument (order to be submitted).

13. The Swains do not assert a claim against the Debtor in this case, nor have they filed a proof of claim in this case.

14. Notwithstanding, the Debtor scheduled an unsecured claim for the Swains in the amount of $1,200,000, listing it as contingent and disputed.

15. The Confirmation Hearing is scheduled for August 27, 2025.

## ARGUMENT

### The Plan Improperly Classifies the Swains as General Unsecured Creditors and Presumes Treatment of a Non-Existent Hypothetical Claim

Section 1122 of the Bankruptcy Code governs the classification of claims and interests in plans of reorganization. 11 U.S.C. § 1122(a). Section 1122(a) "requires classification based upon the nature of the claims or interest classified, and permits inclusion of claims or interests in a particular class only if the claim or interest being included is substantially similar to the other claims or interests in the class." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 406 (1977); Sen. Rep. No. 95-989, 95th Cong. 2d Sess. 118 (1978). Section 1122 does not require that all similar claims be classified together. *In re Bryson Properties, XVIII*, 961 F.2d 496, 502 (4th Cir.1992). It does require that, if claims are classified together, they be substantially similar. Id. see also *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assoc.*, 987 F.2d 154, 158 (3d Cir. 1993).

"It is generally accepted that the phrase "substantially similar" means similar in legal character or effect." 5 Collier on Bankruptcy ¶1122.03[1][b] at 1122-8 (15th Ed. 1995). Generally, unsecured claimants of equal rank are entitled to share pro rata in the values remaining after the payment of secured and priority claims." *In re One Times Square Associates, Ltd. Partnership*, 159 B.R. 695, 703 (Bankr. S.D.N.Y.1993), aff'd, 41 F.3d 1502 (2d Cir. 1994), cert denied, 513 U.S. 1153 (1995).

The Ninth Circuit Court of Appeals in *In re Johnston*, 21 F.3d 323, 327 (9th Cir.1994), has stated that to determine whether claims are substantially similar, and thus may be separately classified, the bankruptcy court must analyze "the nature of each claim, i.e. the kind, species or character of each category of claims." Other courts of appeal have held that the debtor must offer a business or economic justification for separate classification.  In re Boston Post Road Ltd. Partnership, 21 F.3d 477, 483 (2d Cir. 1994) cert. denied 513 U.S. 1109 (1995), or show a legal distinction between the claims.  *Matter of Lumber Exch. Bldg. Ltd. Partnership*, 968 F.2d 647, 649 (8th Cir. 1992).  Proponents of a plan have wide latitude in the placing of claims against, and interests in, the debtor in specified classes under a plan as long there is a reasonable basis for the classification and the classification is not designed to manipulate the results of voting on the plan. *See John Hancock*, 987 F.2d at 159; Bryson, 961 F.2d at 502.

In this case, Class 1 of the Plan as described in Section 4.01 thereof, presumes that the Default Judgment rescinding the Agreement of Sale will be avoided in the Adversary Proceeding and "will regard Ms. Swain and Mr. Swain as holding a claim for $1,000,000.00." Thus the Plan treats a claim that has never been asserted by the Swains and is premised entirely upon a hypothetical outcome of the Adversary Proceeding in an exact dollar amount. The treatment of a hypothetical claim in favor of the Swains as such in the class of general unsecured claims is improper. This is the proverbial putting of the cart before the horse. If, and only if, the Debtor is successful in avoiding rescission of the Agreement of Sale, will it give rise to a claim as determined by the Adversary Proceeding. The Swains do not believe that the Default Judgment rescinding the Agreement of Sale can be avoided by this Court for the reasons stated in in the Motion to Dismiss and intend to renew their arguments at the conclusion of discovery in a Motion for Summary Judgment.  The avoidance of the rescission of the Sale Agreement would

give rise to an allowed claim under 11 U.S.C. 502(h), and cannot be scheduled with specificity for fear that confirmation of the Plan may have *res judicata effect*. Any treatment of a claim held by the Swains is premature, speculative, improperly classified within the class of general unsecured claims and improperly identifies a specific dollar amount. Thus, the Plan does not comply with Bankruptcy Code Section 1122.

**The Plan is Not Feasible and Has Not Been Proposed in Good Faith Pursuant to Section 1129(a)(3) of the Bankruptcy Code.**

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1 129(a)(3). The term "good faith" is not defined in the Bankruptcy Code or in the legislative history thereto. *In re New Valley Corp.*, 168 B.R. 73, 80 (Bankr. D.N.J. 1994); *In re Sound Radio, Inc.*, 93 B.R. 849, 853 (Bankr. D.N.J.1988), *aff'd in part and remanded in part* 103 B.R. 521 (D.N.J. 1989), *aff'd,* 908 F.2d 964 (3d Cir. 1990).

In determining whether a plan has been proposed in good faith, courts have recognized that there are no hard and fast rules that should be applied; instead, each case is evaluated on its own merits. *In re Century Glove, Inc.*, C.A. Nos. 90-400 (SLR) and 90-401 (SLR) (D. Del, Feb. 10, 1993) (good faith should be evaluated in light of the totality of circumstances surrounding confirmation); *see also In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1353 (5th Cir.), *reh'g den* 889 F.2d 663 (5th Cir. 1989); *In re Cellular Info. Sys. Inc*., 171 B.R. 926, 945 (Bankr. S.D.N.Y. 1994) (citation omitted). Other considerations include whether the Plan has a reasonable chance of success (*see Sound Radio, Id.* at 853) and whether the Plan is feasible. *See In re Elsinore Shore Assocs.*, 91 B.R. 238, 261 (Bankr.D.N.J.1988).

In the instant case, the Plan is premised entirely on the Debtor prevailing in the Adversary Proceeding against the Swains. The Plan is not feasible absent such an outcome.

5

Further, the attempt to establish an allowed claim of the Swains in a specific dollar amount prior to a final order in the Adversary Proceeding constitutes bad faith. Accordingly, the Plan is not feasible, does not have a reasonable chance of success, and has not been proposed in good faith.

WHEREFORE, based upon the foregoing, Catherine and Percy Swain request that the that confirmation of the Debtor's Plan be denied and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Craig M. Palik

Craig M. Palik, Esq.  (Fed Bar No. 15254)
McNamee Hosea, et. al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

*Counsel for Catherine and Percy Swain*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th of August 2025, a copy of the foregoing Objection was served on all registered to receive notices in this case electronically via this Court's CM/ECF system and via otherwise first class mail, postage pre-paid to:

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Debtor's Counsel*

/s/ Craig M.  Palik
Craig M. Palik, Esq.