**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | * | |
| **SWAIN LANDING LA PLATA JC, LLC,** | * | **Case No. 25-184 ELG**<br>**Chapter 11, Subchapter V** |
| **Debtor.** | * | |
| * * * * * * * * | * | |

**LIMITED OBJECTION/RESERRVATION OF RIGHTS TO DEBTOR'S MOTION TO APPROVE COMPROMISE WITH WHITE PEARL, LLC**

COMES NOW, Catherine Swain and Percy Swain (the "Swains"), Defendants in an Adversary Proceeding styled as *Swain Landing LaPlata JC, LLC v. Catherine Swain and Percy Swain*, Adversary Proceeding No. 25-10013 ELG (the "Adversary Proceeding"), by and through counsel, Craig M. Palik and McNamee Hosea, P.A., and pursuant to 11 U.S.C. §§ 1128(b), respectfully submit the Swains' Limited Objection/Reservation of Rights to Debtor's Motion to Approve Compromise with White Pearl, LLC (the "9019 Motion"), stating as follows:

**BACKGROUND**

1. Swain Landing LaPlata JC, LLC ("Debtor") commenced this case on May 15, 2025 ("Petition Date"), by filing a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code.

2. The Debtor is the former owner of real property located at 10524 LaPlata Road, LaPlata Road, La Plata, Maryland 20646 ("Real Property").

3. On or about August 31, 2024, the Swains commenced litigation by filing a Complaint against the Debtor in the Circuit Court for Charles County Maryland, Case No. C-08-CV-24-000655.

4. On March 19, 2025, a Default Judgment (the "Default Judgment") was entered against the Debtor. The Default Judgment in pertinent part rescinded the Agreement of Sale and revested title to the Real Property in the Swains.

5. On April 8, 2025, the Default Judgment was recorded among the land records of Charles County Maryland at Book No. 13520, Page 26-28.

6. On May 21, 2025, the Debtor commenced the Adversary Proceeding against the Swains seeking to avoid the rescission of the Agreement of Sale as either a preference or a fraudulent conveyance.

7. On April 15, 2026, a further hearing was held on the Swains' Motion for Summary Judgment, which resulted in an oral ruling of the Court granting summary judgment in favor of the Debtor finding the recission of the Agreement of Sale, and deeding of the Real Property of to the Swains constituted a fraudulent conveyance under 11 U.S.C. §548 (with Order to be submitted by Debtor's counsel).

8. Multiple communications ensued in follow-up with Debtor's counsel regarding the submission of the Order granting summary judgment in favor of the Debtor, and more recently, the intention of the Debtor to make a written settlement proposal as an alternative. Several weeks having now since passed, no such settlement proposal has been advanced by the Debtor.

9. In the absence of any meaningful settlement discussions or bona fide settlement proposal, the entry of an Order granting summary judgment in favor of the Debtor is appropriate and should not be further delayed.

10. Upon entry of an order granting summary judgment to the Debtor, the Swains do intend to notice an appeal of the ruling adverse to them and to pursue their appellate rights.

11. On August 25, 2026, the Debtor filed the 9019 Motion, the terms of which establish a first priority secured claim in favor of White Pearl, LLC "against the Debtor's estate," inclusive of "all of the Debtor's property, rights and interests." This necessarily includes any interests of the Debtor in the Real Property.

**LIMITED OBJECTION/RESERVATION OF RIGHTS**

12. The Swains file this Limited Objection/Reservation of Rights for purposes of reserving and clarifying amongst the parties, and with the Court, that the approval of the 9019 Motion will not serve to impair their legal rights in the Real Property, and more specifically that any grant of a security interest to White Pearl, LLC in the Real Property remains subject to and contingent upon their appeal rights and the outcome of their intended appeal.

13. The Swains take no other issue with the 9019 Motion, or the Debtor's business judgment in settling its disputed claims with White Pearl, LLC, so long as such approval is with the clear and unambiguous understanding that all of the legal rights afforded the Swains relative to their asserted interest in the Real Property, including their appellate rights with respect to the Adversary Proceeding, are expressly reserved.

WHEREFORE, based upon the foregoing, Catherine and Percy Swain reserve the right to (a) raise any further objection they may have with respect to the terms of the proposed 9019 Motion to the extent intended to impair their legal interests in the Real Property, specifically including their appeal rights, and (b) to be heard before the Court with respect to the entry of any order approving the 9019 Motion and to raise additional arguments or objections in connection therewith.

Respectfully submitted,

/s/ Craig M. Palik

______________________________

Craig M. Palik, Esq. (Fed Bar No. 15254)
McNamee Hosea, et. al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

*Counsel for Catherine and Percy Swain*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th of September 2026, a copy of the foregoing Limited Objection/Reservation of Rights was served on all registered to receive notices in this case electronically via this Court's CM/ECF system and via otherwise first class mail, postage pre-paid to:

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Debtor's Counsel*

/s/ Craig M. Palik
Craig M. Palik, Esq.