The order below is hereby signed.

Signed: November 16 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH WHITE PEARL, LLC**

Upon consideration of the *Motion to Approve Compromise with White Pearl, LLC* (the "Motion"), ECF No. 105, filed by Swain Landing LaPlata JC, LLC (the "Debtor") pursuant to Federal Rule of Bankruptcy Procedure 9019, the authorities cited therein, the absence of substantive opposition thereto, the evidence and argument presented at the hearing on the Motion held on September 16, 2026 (the "Hearing"), the record herein, and governing law, and for the reasons set forth on the record at the Hearing, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

FOUND, that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it is further

FOUND, that due, proper, timely, adequate, and sufficient notice of the Motion, the objection deadline of September 11, 2026, and the Hearing was provided to the Debtor's creditors, the United States Trustee, and all other parties in interest entitled thereto, in

accordance with Federal Rules of Bankruptcy Procedure 2002 and 9019(a) and the Local Rules of this Court, and that no other or further notice is required; and it is further

FOUND, that a reasonable opportunity to object to and be heard regarding the relief requested in the Motion has been afforded to all parties in interest, and that any objections to the Motion that have not been withdrawn, waived, or resolved are overruled on the merits; and it is further

FOUND, that the settlement agreement between the Debtor and White Pearl, LLC ("White Pearl") appended to the Motion as Exhibit A (the "Settlement Agreement"), including the secured promissory note contemplated thereby (the "White Pearl Note"), was negotiated in good faith and at arm's length, is fair, equitable, and in the best interests of the Debtor's estate and its creditors, satisfies the standards set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), and *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521 (D.D.C. 2008), and constitutes a reasonable exercise of the Debtor's business judgment; and it is further

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that the Settlement Agreement, and each of its terms and conditions, is APPROVED in its entirety pursuant to Federal Rule of Bankruptcy Procedure 9019(a), and the Debtor is authorized to enter into, execute, deliver, and perform under the Settlement Agreement and the White Pearl Note, and to take any and all actions reasonably necessary or appropriate to implement and effectuate the terms thereof; and it is further

ORDERED, that White Pearl is hereby granted an allowed secured claim against the Debtor's estate in the amount of $585,000.00 (plus interest), secured by a first-priority lien on and security interest in the Collateral (as defined in the White Pearl Note), subject only to the Carve Out (as defined in, and subject to the terms and conditions contained in the Settlement Agreement), on the terms set forth in the Settlement Agreement and the White Pearl Note, and

such claim shall not be subject to further objection, reduction, subordination, recharacterization, or avoidance by the Debtor; and it is further

ORDERED, that the releases set forth in the Settlement Agreement are approved and shall be effective and binding in accordance with their terms; and it is further

ORDERED, that the terms of the Settlement Agreement and this Order shall be binding upon the Debtor, White Pearl, and their respective successors and assigns, including, without limitation, any trustee subsequently appointed in this case or in any successor case under any chapter of title 11 of the United States Code, and shall survive any conversion or dismissal of this case; and it is further

ORDERED, that any plan of reorganization proposed by the Debtor shall incorporate, and shall not be inconsistent with, the terms and purpose of the Settlement Agreement, and nothing in any such plan or any order confirming such plan shall modify or impair the terms of the Settlement Agreement or this Order absent the written consent of White Pearl; and it is further

ORDERED, that in the event of any inconsistency between the Settlement Agreement and this Order, the terms of this Order shall govern; and it is further

ORDERED, that notwithstanding any applicable provision of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, and enforcement of this Order and the Settlement Agreement, including the White Pearl Note.

END OF ORDER

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

Seen and Agreed:

/s/ Sam J. Alberts (signed w/ express permission)
Sam J. Alberts
DC Bar # 443260
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 408-7004
Email: sam.alberts@dentons.com
*Counsel for White Pearl, LLC*

Seen:

/s/ Angela L. Shortall (signed w/ express permission)
Angela L. Shortall
3Cubed Advisory Services, LLC
348 Thompson Creek Mall, Suite 339
Stevensville, MD 21666
Phone: (410) 200-3465
ashortall@3cubed-as.com
*Subchapter V Trustee*